UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

KELLY MARGARET HURLEY,                          CIVIL DIVISION

     Plaintiff,                                CASE NO. :

v.

NCL (BAHAMAS), LTD., a Bermuda Company,
d/b/a NORWEGIAN CRUISE LINES,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, KELLY MARGARET HURLEY, by and through her undersigned counsel, and sues the Defendant, NCL (BAHAMAS), LTD., a Bermuda Company, d/b/a NORWEGIAN CRUISE LINES (hereinafter "NCL") and states:

## GENERAL ALLEGATIONS, PARTIES AND JURISDICTION

1.      This is a maritime action for personal injury damages in an action involving a NCL crewmember's surreptitious recording of a female fare-paying passenger.

2.      That Defendant, NCL (BAHAMAS), LTD., a Bermuda Company, d/b/a NORWEGIAN CRUISE LINES, is a Foreign corporation organized under the laws of Bermuda, with its principle place of business at 7665 Corporate Center Drive, Miami, FL 33126

3.      KELLY MARGARET HURLEY is a citizen and domiciliary of the State of New York.

4.      Jurisdiction under 28 U.S.C. §1332 is predicated on the facts that the Plaintiff is a citizen of the State of New York, NCL is a citizen of Bermuda, and the amount in question exceeds $75,000.00.

5.      That jurisdiction is proper in this Court pursuant to 28 U.S.C. and §1333, which provides original jurisdiction to the United States District Court, exclusive of state courts, of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

6.      That venue is proper in the Southern District of Florida, in the NCL's principal place of business is in Miami, Florida, and this action arose from injuries sustained on a sea-going cruise that originated from Manhattan, New York.

7.      That NCL has agreed in writing, that jurisdiction and venue are proper in the Southern District of Florida under the terms of the cruise ticket tendered by NCL to KELLY MARGARET HURLEY.  Copies of said cruise ticket is in the possession of NCL.

8.      On or about August 21, 2025, NCL employed a crewmember by the name of Achmad Farizi.

9.      On the evening of August 21, 2025, Plaintiff, KELLY MARGARET HURLEY, was a fare-paying passenger aboard the Defendant, NCL's, cruise ship "GETAWAY" staying in guestroom 13900.

10.      At approximately 8:55 PM on August 21, 2025, in the Woman's Restroom on Deck 8 of the NCL "GETAWAY," the Plaintiff, KELLY MARGARET HURLEY, was surreptitiously recorded with a mobile phone while using the restroom by a NCL crewmember by the name of Achmad Farizi.

11.     Witness statements and an investigation was conducted by NCL Security members, namely Poonam Gurong, at the scene and Achmad Farizi was apprehended.

### COUNT I – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION AGAINST THE DEFENDANT, NCL

12.     Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 11 above, as if fully stated herein, and further alleges:

13.     Defendant, NCL, owed a legal duty to hire and retain as employees/crewmembers only those fit for service, to supervise employees, and to provide necessary and appropriate discipline, training and retraining.

14.     NCL did not do an adequate background check to uncover Achmad Farizi's past misconduct and unsuitability to be hired as a crewmember or to have any contact with female passengers, including KELLY MARGARET HURLEY.

15.     It was unreasonable for NCL to hire Achmad Farizi in light of what it should have known and/or learned through a proper investigation.

16.     During the course of Achmad Farizi's employment, NCL became aware or should have became aware of problems with Achmad Farizi that indicated his unfitness for service and/or the need for discipline and training.  NCL had both actual and/or constructive notice of Achmad Farizi's previous and current conduct, including the illicit surreptitious videorecording of female passengers using the restroom.

17.     NCL breached its duty by failing to take the necessary action to prevent Achmad Farizi from victimizing and injuring the Plaintiff.  Despite its knowledge of Achmad Farizi's actions, NCL continued to employ Achmad Farizi as a crewmember and permitted him to have unsupervised access to female restrooms aboard the NCL "GETAWAY."

18. NCL is responsible for maintaining and ensuring the safety of the ship and ensuring that its passengers are not victimized by crewmembers that it employs.

19. NCL has a duty to supervise its crewmembers to protect their passengers from abuse by crewmembers.

20. NCL knew or should have known of Achmad Farizi's history of victimizing passengers and his unfitness for the job.

21. NCL breached its duty to supervise its crewmembers and protect KELLY MARGARET HURLEY from abuse by failing to properly investigate and supervise its crewmembers and preventing abuse from occurring.

22. The type of harm inflicted on KELLY MARGARET HURLEY was reasonably foreseeable to occur, based on the abundance of unsupervised time that Achmad Farizi was allowed to spend in an isolated environment with female passengers, his past actions and his inappropriate contact with female passengers.

23. The conduct described above constitutes negligence by NCL, for its failure to supervise Achmad Farizi, and its failure to protect the Plaintiff, KELLY MARGARET HURLEY from abuse by Achmad Farizi in his capacity as a crewmember.

24. Because of NCL's negligent supervision, the Plaintiff has sustained permanent damages for which compensation is required.

25. Plaintiff, KELLY MARGARET HURLEY fell within the zone of foreseeable risk created by Achmad Farizi's continued employment.

26. As a direct result of NCL's negligence, KELLY MARGARET HURLEY was subjected to serious and permanent injuries. KELLY MARGARET HURLEY has suffered bodily injury and resulting pain and suffering, disability, mental anguish, embarrassment,

humiliation, trauma, psychological scarring, shame, and other mental and/or nervous disorders, loss of capacity for the enjoyment of life, aggravation of pre-existing conditions, medical care and treatment.  The losses are permanent and/or continuing and Plaintiff will continue to suffer losses in the future.

WHEREFORE, Plaintiff, KELLY MARGARET HURLEY, demands judgment against the Defendant, NCL (BAHAMAS), LTD., a Bermuda Company, d/b/a NORWEGIAN CRUISE LINES, for damages exceeding $75,000.00, exclusive of interest and costs, and further demands trial by jury on all issues so triable.

### COUNT II – STRICT VICARIOUS LIABILITY AS TO NCL

27.     Plaintiff, KELLY MARGARET HURLEY, re-alleges paragraphs 1 through 11 and 12 through 26 as if fully set forth herein.

28.     At all times material, the Defendant, NCL, had a non-delegable duty to protect their passengers, including the Plaintiff, KELLY MARGARET HURLEY, from surreptitious video recording of them using the restrooms committed by their agents, servants, employees/crewmembers and/or representatives.  The Defendant, NCL, are strictly vicariously liable for the breach of this non-delegable duty.  *Doe v. Celebrity Cruises, Inc*., 394 F.3d 891 (11th Cir. 2004).

29.     The Defendant, NCL, breached its non-delegable duty when the Defendant's crewmember, Achmad Farizi, surreptitiously video recorded the Plaintiff, KELLY MARGARET HURLEY, on or about August 21, 2025.

30.     At all times material hereto, crewmember Achmad Farizi, was hired, retained, supervised by, as well as in the employ of the Defendant, NCL, for service as a crewmember during said voyage of the NCL "GETAWAY."

31.     As a result of the foregoing, KELLY MARGARET HURLEY was subjected to serious and permanent injuries.  KELLY MARGARET HURLEY has suffered bodily injury and resulting pain and suffering, disability, mental anguish, embarrassment, humiliation, trauma, psychological scarring, shame, and other mental and/or nervous disorders, loss of capacity for the enjoyment of life, aggravation of pre-existing conditions, medical care and treatment.  The losses are permanent and/or continuing and Plaintiff will continue to suffer losses in the future.

WHEREFORE, Plaintiff, KELLY MARGARET HURLEY, demands judgment against the Defendant, NCL (BAHAMAS), LTD., a Bermuda Company, d/b/a NORWEGIAN CRUISE LINES, for damages exceeding $75,000.00, exclusive of interest and costs, and further demands trial by jury on all issues so triable.

## DAMAND FOR JURY TRIAL

Plaintiff, KELLY MARGARET HURLEY, hereby demands trial by jury of all issues triable as of right by a jury.

Dated: August 10, 2026

RUBENSTEIN LAW, P.A.
Attorneys for Plaintiff
9130 S Dadeland Blvd
Miami, Florida 33156
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: phunt@rubensteinlaw.com
        wmartinez@rubensteinlaw.com
        eservice@rubensteinlaw.com

By:     /s/ Peter Hunt
        PETER HUNT
        Florida Bar No.: 107350